IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH H. JURJENS, III,

                      Petitioner,

v.

MIKE DITTMAN,

                      Respondent.

ORDER

14-cv-462-jdp

---

      Petitioner Ralph H. Jurjens, III is currently in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution. He seeks a writ of habeas corpus under § 28 U.S.C. 2254, challenging his state court convictions for child abuse, damage to property, intimidation, and burglary to commit a battery in La Crosse County Case No. 2010-CF-188. Dkt. 1. Jurjens has filed a motion to expand the record under Rule 7 of the Rules Governing Section 2254 Cases with what he calls new evidence: an affidavit of the victim of the burglary, who states that at that time, Jurjens was living with her. Jurjens seeks to use the affidavit to show that his trial counsel was ineffective for pursuing a plea for the burglary-to-commit-battery charge even though Jurjens could not have burgled his own residence.

      I will deny Jurjens's motion, at least as it relates to the habeas claims that are enumerated in his petition and that I considered in my order directing the state to respond. *See* Dkt. 6. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). I cannot use a brand-new affidavit to determine whether the Wisconsin Court of Appeals reasonably applied federal law in denying his appeal.

But it does not seem as if Jurjens really means to use this evidence in an attempt to litigate the claims he brought in his petition. Rather, he is trying to bring a different claim about ineffective assistance of trial counsel for allowing him to plead guilty to a crime that he believes could not have logically committed—burglarizing his own residence. The parties dispute whether Jurjens exhausted this claim by raising it in his state-court postconviction or appellate proceedings. I will address that issue, along with the substance of Jurjens's claims, in my next order.462

ORDER

IT IS ORDERED that:

1. Petitioner Ralph H. Jurjens, III's motion for an extension of time to file his reply to his motion to expand the record, Dkt. 29, is GRANTED.

2. Petitioner's motion to expand the record, Dkt. 23, is DENIED.

Entered September 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge